

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHELL LANDING GOLF, L.L.C.                                              PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 1:04cv737LTS-JMR

MCINTYRE GOLF DEVELOPMENT, INC.,
STEVE MCINTYRE and CHRIS MCINTYRE                              DEFENDANTS

## MEMORANDUM OPINION

This Court has before it a Motion to Dismiss under Rule 12(b)(6), F.R.Civ.P. Defendants McIntyre Golf Development, Steve McIntyre, and Chris McIntyre contend that Plaintiff Shell Landing Golf, L.L.C., has failed to state a cause of action upon which relief may be granted, and specifically that the Plaintiff has failed to state a cause of action against Steve McIntyre and Chris McIntyre in their individual capacities. For purposes of deciding this motion, all the material allegations of the complaint are accepted as true, and the plaintiff is granted all reasonable favorable inferences. If the motion is predicated on facts outside the pleadings, the motion is treated as one for summary judgment, and the requirements of Rule 56 F.R.Civ.P. apply.

This dispute arises from the construction of the Shell Landing Golf Course and the emergence of several "sink holes" that the plaintiff alleges are the result of the defendants' misrepresentations and the defendants' use of faulty construction techniques.

Defendants have submitted a Memorandum in Support of their motion to dismiss as required by Uniform Local Rule 7.2(d):

> At the time the motion is served . . . counsel for the movant shall mail to the judge in charge of the case the original and one copy of a memorandum of authorities upon which counsel relies. . . . [F]ailure to timely submit the required motion documents may result in the denial of the motion and/or the imposition of appropriate sanctions.

The defendants' memorandum cites no authorities. The memorandum is, in substance, a factual argument concerning the legal relationships of the parties at the time of the events at issue, i.e. at the time Shell Landing Golf Course was built. Defendants have not attached or otherwise entered in the record any affidavit or other sworn statement to support the factual contentions upon which they rely. Defendants have not submitted the contract to build Shell Landing Golf Course, the employment contract of Chris McIntyre, or any other documentary evidence that McIntyre Golf Development, Inc., complied with the industry standards for golf course development.

The absence of affidavits or other evidentiary materials, as required to sustain a motion for summary judgment under Rule 56, F.R.Civ.P., leaves this Court without the evidence necessary to establish the facts upon which the defendants' motion is predicated.

Defendants contend that the plaintiff has failed to state a cause of action for fraud or misrepresentation. The defendants contend that Defendant McIntyre Golf Development, Inc., was the majority owner of Plaintiff Shell Landing Inc., L.L.C., and that Defendant Chris McIntyre was in fact both the manager for the Plaintiff and the onsite manager for the Defendant, McIntyre Golf Development, Inc., at the time the golf course was built. Defendants allege that Chris McIntyre "acted in both capacities with all knowledge relevant to both entities," and thus "no action was taken in the construction of the golf course by McIntyre Golf Development, Inc., which was not known to and approved by the manager of Shell Landing Golf, L.L.C." While these statements may be true, they are unsupported by any evidence in the record before me.

Under the 1946 amendment to the Rule 12(b)(6), a motion to dismiss is converted into a motion for summary judgment if the movant relies on matters extraneous to the pleadings. Rule 12(b)(6) sets forth:

> [O]n a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one of summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if motion is granted, leave to amend shall be granted in accordance with Rule 15(a).

The Federal Rules of Civil Procedure, Rule 56(c), authorize summary judgment where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show that there is no genuine dispute as to any material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). In order to prevail on a motion for summary judgment, the moving party has the burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).

The movant must inform the court of the basis of its motion, and the movant must identify the portions of the record which establish the absence of genuine factual issues. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). To support or defend against a summary judgment motion, a party may not rely on mere denial of material facts, unsworn allegations in the pleadings, or arguments asserted in briefs or legal memoranda. *Union Planters Nat. Leasing*, 687 F.2d at 119. Once the movant has met its burden, the nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. *Id*. It is the movant who bears the initial burden of demonstrating, through appropriate evidence in the record, the absence of a genuine issue of material fact entitling the movant to judgment as a matter law.

Defendants have failed to meet their evidentiary burden as to this motion. Defendants have failed to attach an affidavit or other sworn statement in support of the facts they rely upon. As a result of this omission, Defendants' motion is supported only by the unsworn allegations contained within their pleadings and the assertions contained within their counsel's memorandum. This is insufficient to sustain a motion for summary judgment under Rule 56, F.R.Civ.P.

Accordingly, an order will be entered denying defendants' motion to dismiss.

**SO ORDERED** this 27th day of June, 2005.

s/ L. T. Senter, Jr.
**L. T. Senter, Jr.**
**Senior Judge**